**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RONALD A. BLOUCH, JR.,<br>Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | <br><br>NO. |

# NOTICE OF REMOVAL

Defendant, Starbucks Corporation, by and through its attorneys, Cipriani & Werner, P.C., and Anthony W. Hinkle, Esquire, files the within Notice of Removal of the above-captioned action from Cumberland County Court of Common Pleas in which it is now pending to the United States District Court for the Middle District of Pennsylvania, stating as follows:

**Alleged Facts (Complaint):**

1. This action arises out of the claims of Plaintiff, Ronald A. Blouch, Jr., relating to the purported dispersion of bacteria and fungi by hand dryers in the restroom facilities of coffeehouses allegedly owned and operated by Defendant, Starbucks Corporation. (A true and correct copy of Plaintiff's Complaint is attached hereto and marked as Exhibit "A.")

2. Plaintiff alleges that due to the presence of hand dryers in the restrooms of Starbucks Corporation's coffeehouses, he did not receive the bargained-for benefit of his coffee purchases. (See Exhibit "A" at ¶¶ 167, 171.)

3. Plaintiff's Complaint asserts causes of action against Starbucks Corporation sounding in the Pennsylvania Declaratory Judgement Act (see Exhibit "A" at Count I, ¶¶ 214-217), negligence/premises liability (see Exhibit "A" at Count II, ¶¶ 218-224); and the

Pennsylvania Unfair Trade Practices and Consumer Protection Law (see Exhibit "A" at Count III, ¶¶ 225-232.)

4. Plaintiff's Complaint demands monetary damages in the amount of fifty thousand dollars ($50,000.00) or less. (See Exhibit "A" at ¶ 58.)

5. Plaintiff's Complaint also demands declaratory relief in the form of an injunction requiring Starbucks Corporation to disable or remove hand dryers from its restrooms throughout Plaintiff's "documented patronage footprint" of Pennsylvania, Maryland, Virginia, New York and the District of Columbia. (See Exhibit "A" at ¶ 235.)

6. Plaintiff initiated this action by filing his Complaint in the Court of Common Pleas of Cumberland County, Pennsylvania, on September 2, 2026. (See Exhibit "A.")

7. Plaintiff attempted to serve his Complaint on Starbucks Corporation via mail directed to Corporation Service Corporation in Washington State, which was delivered on September 21, 2026. (See Plaintiff's Filed Affidavit of Service, attached as Exhibit "B.")

**Timeliness of Removal:**

8. Plaintiff's Complaint was delivered to Corporation Service Company on September 21, 2026; thus, the within Notice of Removal is being timely filed within thirty (30) days from the date Starbucks Corporation received a Plaintiff's initial filed pleading "through service or otherwise" per 28 U.S.C. § 1446(b)(1) (2011.)

**Venue**

9. The Middle District of Pennsylvania is the proper venue for removal pursuant to 28 U.S.C. § 1446(a), as this matter was filed in the Court of Common Pleas of Cumberland County, Pennsylvania, which is within the district and division of this Honorable Court.

**Diversity of Citizenship**

10. Plaintiff, upon information and belief and as alleged in his Complaint, is at all times relevant hereto a citizen and domiciliary of the Commonwealth of Pennsylvania. (See Exhibit "A" at ¶ 29.)

11. Defendant, Starbucks Corporation, is a corporation organized under the laws of the State of Washington, with its principal place of business in the State of Washington at 2401 Utah Avenue South, Suite 800, Seattle, Washington.

12. At no time relevant hereto has Starbucks Corporation been a citizen of the Commonwealth of Pennsylvania, as it has never been incorporated under the laws of Pennsylvania or maintained a principal place of business in Pennsylvania.

13. Accordingly, because Plaintiff and Starbucks Corporation are citizens of different states, complete diversity of citizenship exists between the parties pursuant to 28 U.S.C. § 1332 (2011) and 28 U.S.C. § 1441 (2011.)

**Amount in Controversy**

14. For removal based on diversity of citizenship, the amount in controversy must be in excess of $75,000.00. 28 U.S.C. § 1332(a.)

15. Plaintiff's Complaint demands unliquidated monetary damages of $50,000.00 or less. (See Exhibit "A" ¶ 58.)

16. Plaintiff's Complaint also demands declaratory relief in the form of an injunction requiring Starbucks Corporation to disable and remove hand dryers from the restrooms of its coffeehouses throughout Pennsylvania, Maryland, Virginia, New York and the District of Columbia.

17. This Honorable Court previously summarized longstanding precedent relative to removal and 28 US.C. § 1332 jurisdiction when a complaint seeks both economic damages less than the federal jurisdictional threshold and injunctive relief with a value exceeding that threshold:

> Plaintiff argues that he does not seek a precise dollar amount, but rather a declaratory judgement from the court that invalids the gas and oil lease that he entered into with the defendant. He contends that the only amount in controversy is therefore the $2785.00 he received under that contract. Plaintiff is incorrect to assert that the amount in controversy is limited to the monetary sum he claims. The Supreme Court has held that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is valued by the object of the litigation. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977); *see also Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 542-43 (3d Cir. 1995) (finding diversity jurisdiction because the cost for defendant of meeting plaintiff's injunctive request would exceed the then-$50,000 jurisdictional minimum).

Frystak v. Cabot Oil & Gas Corp., 2008 WL 2357744, at *2 (M.D. Pa. June 5, 2008) (denying motion to remand when lease of which rescission was sought had a value exceeding $75,000) (unreported, attached as Appendix I), accord Corwin Jeep Sales & Service, Inc. v. American Motors Sales Corp., 670 F. Supp. 591, 596 (M.D. Pa. 1986) ("a plaintiff may not defeat removal simply by characterizing a case as involving equitable claims rather than damages, or by seeking less than the requisite amount in controversy when the court is informed that the value of the interest to be protected exceeds that amount.")

18. Starbucks Corporation owns and operates approximately one thousand two hundred and sixty five 1,265 coffeehouses throughout Pennsylvania, Maryland, New York, Virginia, and the District of Columbia. (See Declaration of Felice Walsh, a true and correct copy of which is attached as Exhibit "C," at ¶ 3.)

19. In aggregate, among the coffeehouses that Starbucks Corporation owns and operates throughout Pennsylvania, Maryland, New York, Virginia and the District of Columbia,

there are approximately six hundred and eighty five (685) restroom hand dryer units. (See Exhibit "C" at ¶ 4.)

20. The per-unit cost to disable, remove and replace or retrofit each restroom hand dryer is between five hundred dollars ($500) and one thousand dollars ($1,000), depending on the extent of the repairs required and the existing restroom finishes. (See Exhibit "C" at ¶ 6.)

21. The per-unit costs to disable, remove and replace or retrofit the restroom hand dryers does not include any additional site-specific work. (See Exhibit "C" at ¶ 6.)

22. Plaintiff accordingly seeks to enjoin Starbucks Corporation to disable and remove approximately 685 hand dryers at a per-unit cost of at least five hundred dollars ($500), making the actual amount in controversy of his declaratory/injunctive claim at least three hundred forty two thousand, five hundred dollars ($342,500.00.) (See Exhibit "C" at ¶ 7.)

23. The full value of the objection of the litigation therefore exceeds $75,000 exclusive of interests and costs by a preponderance of credible evidence and thereby meets the jurisdictional threshold set forth in 28 U.S.C. § 1332. (See Exhibit "C" at ¶ 8.)

**Original Jurisdiction of the United States District Court**

24. This Honorable Court has original jurisdiction over this matter within the meaning of 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

25. Cases over which this Honorable Court has original jurisdiction may be properly removed thereto pursuant to 28 U.S.C. § 1441(a) (2011.)

26. I certify that the foregoing averments are true, correct and complete to the best of my knowledge, information and belief pursuant to 28 U.S.C. § 1746.

WHEREFORE, defendant, Starbucks Corporation, respectfully demands that the instant civil action commenced against it in the Court of Common Pleas of Cumberland County, Pennsylvania, be removed to this Honorable Court for all further proceedings.

Respectfully submitted,

**CIPRIANI & WERNER, P.C.**

By: *s/ Anthony W. Hinkle, Esquire*

Anthony W. Hinkle, Esquire
PA Attorney ID 49702
Three Valley Square, Suite 305
512 E. Township Line Road
Blue Bell, PA 19442
P: (610) 567-0700
F: (610) 567-0712
ahinkle@c-wlaw.com
Attorneys for Defendant, Starbucks Corporation

# APPENDIX - I

2008 WL 2357744
Only the Westlaw citation is currently available.
United States District Court,
M.D. Pennsylvania.

Chester H. FRYSTAK, Plaintiff
v.
CABOT OIL & GAS CORPORATION, Defendant.

No. 3:08cv667.
|
June 5, 2008.

**Attorneys and Law Firms**

Michael J. Giangrieco, Law Office of Michael J. Giangrieco, Montrose, PA, for PLaintiff.

Danielle M. Mulcahey, Joseph T. Wright, Jr., Wright & Reihner, P.C., Scranton, PA, David R. Fine, Kirkpatrick & Lockhart, Preston, Gates, Ellis, LLP, Harrisburg, PA, for Defendant.

***MEMORANDUM***

JAMES M. MUNLEY, District Judge.

***1** Before the court for disposition is plaintiff's motion to remand (Doc. 7) the instant case to the Court of Common Pleas of Susquehanna County, Pennsylvania. Having been fully briefed, the matter is ripe for disposition.

**Background**

Plaintiff owns 568.76 acres of in Susquehanna County, Pennsylvania. (*See* Doc. 1-4, Complaint ¶ 4, Exh. A to Defendant's Notice of Removal (hereinafter "Compl.")). On or about April 4, 2006, the plaintiff entered into an oil and gas lease with the defendant. (*Id.* at ¶ 5). The lease allows the defendant to explore the plaintiffs' real estate by geophysical and other methods to search for oil, liquid hydrocarbons and all gases. (Doc. 1-4, p. 15-16, Oil and Gas lease ¶ 1). It further provides for withdrawing the materials, laying pipelines, storing oil, building roads, power stations, telephone lines, etc. (*Id.*)

In consideration for the lease, defendant evidently paid the plaintiff a certain monetary sum per acre of land, plus a royalty on the gas or oil retrieved from the property. Defendant authorized its agents to offer $25.00 per acre, or $14,219.00, for the lease. (Compl. at ¶ ¶ 6, 7). Prior to signing the lease, defendant's agents also told plaintiff that defendant would never pay more than $25.00 per acre for the lease. (*Id.* at ¶ 8). Despite this assurance, defendant subsequently paid plaintiff's neighbors more than $25.00 per acre for leases on their property. (*Id.* at ¶ 9).

Plaintiff initiated the instant case on March 17, 2008 by filing a two-count lawsuit in the Court of Common Pleas of Susquehanna County, Pennsylvania. Count I alleges fraudulent inducement. Plaintiff contends that defendant's agents assured him that the company would never pay more than $25.00 per acre. Defendant also represented to plaintiff that if he failed to sign a lease defendant would negotiate leases with plaintiff's neighbors and capture the gas under plaintiff's land through the "rule of capture," leaving plaintiff without a lease or gas on his land. (*Id.* at ¶ 19). Defendant also assured the plaintiff that the leased conformed to Pennsylvania law. (*Id.* at ¶¶ 10-11). According to the Count I, these statements all were false and all induced plaintiff to sign the lease. (*Id.* at 15, 17).

Count II is an action for declaratory relief. It alleges that the lease plaintiff signed violates state law with regard to the royalty payment. It requires that plaintiff pay a portion of the production costs of any natural gas on their land before receiving the proceeds from any royalties from that gas, which plaintiff assert violates Pennsylvania law. (*Id.* at 21-26). As relief, plaintiff requests that the court declare the lease signed by the parties invalid. (*Id. ad damnum* clause, foll. ¶ 26).

On April 9, 2008, defendant filed a notice of removal, removing the case to this court. Less than a week later, defendant filed a motion to dismiss (Doc. 2). Before that motion became ripe for disposition, plaintiff filed the instant motion to remand. The parties then filed briefs, bringing the case to its present posture.

**Legal Standard**

***2** Defendant removed this case pursuant to 28 U.S.C. § 1441(a), which gives a defendant the right to remove " 'any

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

civil action brought in a State court of which the district courts of the United States have original jurisdiction.' " 28 U.S.C. § 1441(a). Thus, "[t]he propriety of removal ... depends on whether the case originally could have been filed in federal court." *City of Chicago v. Int'l College of Surgeons,* 522 U.S. 156, 162, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997). The notice of removal asserts that this court has jurisdiction under the diversity statute. 28 U.S.C. § 1332. Hence, we must determine whether the prerequisites for diversity jurisdiction are met. As a general matter, "the party asserting diversity jurisdiction bears the burden of proof." *McCann v. George Newman Irrevocable Trust,* 458 F.3d 281, 286 (3d Cir.2006). Here, therefore, the defendant, who seeks to exercise the court's jurisdiction through the removal statute, bears the burden of proof.

**Discussion**

Diversity jurisdiction is appropriate where the parties are citizens of different states and the amount in controversy is in excess of $75,000.00. 28 U.S.C. § 1332(a). Instantly, no dispute exists regarding whether the parties are citizens of different states.[1] Rather, plaintiff argues that we should remand the case to state court because the amount in controversy does not meet the minimum requirement of $75,0000.

Plaintiff argues that he does not seek a precise dollar amount, but rather a declaratory judgment from the court that invalidates the gas and oil lease that he entered into with the defendant. He contends that the only amount in controversy is therefore the $2785.00 he received under that contract. Plaintiff is incorrect to assert that the amount in controversy is limited to the monetary sum he claims. The Supreme Court has held that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977); *see also Columbia Gas Transmission Corp. v. Tarbuck,* 62 F.3d 538, 542-43 (3d Cir.1995) (finding diversity jurisdiction because the cost for defendant of meeting plaintiff's injunctive request would exceed the then-$50,000 jurisdictional minimum). Here, the object of the litigation is the lease over plaintiff's real property, and we must determine the value of that lease.

The amount in controversy in a case is generally determined from the complaint itself. *Angus v. Shiley Inc.,* 989 F.2d 142, 145 (3d Cir.1993); *Frederico v. Home Depot,* 507 F.3d 188, 197 (3d Cir.2007) (explaining that "[i]n removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court."). When a complaint does not limit its request to a precise monetary amount, we may make an independent appraisal of the value of the rights being litigated to determine whether the amount in controversy is satisfied. *Id.* at 146.

***3** In making this appraisal we may examine the removal notice. The removal notice "serves the same function as the complaint would if filed in the district court" when a court determines whether the jurisdictional amount has been met. *Id.* Because "the plaintiff is the 'master of the case' and 'may limit his claims ... to keep the amount in controversy below the threshold,' the removing party must 'show not only what the stakes of the litigation could be, but also what they are given the plaintiff's actual demands.' " *Morgan v. Gay,* 471 F.3d 469, 474 (3d Cir.2006) (quoting *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 449 (7th Cir.2005)).

With its notice of removal, defendant provides evidence that indicates that the amount in controversy, that is the value of the lease, exceeds $75,000. Included in the defendant's notice is an affidavit from Jeffrey L. Keim, Regional Land Management for Cabot Oil & Gas Corporation. (*See* Doc. 1-4, pg. 20-21, Affidavit of Jeffrey L. Keim (hereinafter "Keim Affidavit") at ¶ 1). Keim attests that, as Regional Land Manager, he is "knowledgeable as to leasing of oil and gas properties and production of oil and gas wells." (*Id.* at ¶ 5). Based on this knowledge, Keim contends that "the full value of the object of the litigation exceeds $75,000 exclusive of interests and costs." (*Id.* at ¶ 6). Defendant has therefore provided evidence that the amount in controversy exceeds $75,000.

**Conclusion**

Defendant has presented uncontested evidence that the amount in controversy exceeds the statutory jurisdictional minimum. It is undisputed that the parties are citizens of different states. Thus, we have jurisdiction over this case pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332(a). We will deny the motion to remand. An appropriate order follows.

**AND NOW,** to wit, this 5th day of June 2008, the plaintiff's motion to remand (Doc. 8) is hereby **DENIED.**

**All Citations**

Not Reported in F.Supp.2d, 2008 WL 2357744

## Footnotes

1 Plaintiff is a citizen of Pennsylvania and Defendant is a Delaware Corporation with its principal place of business in Houston, Texas. (Notice of Removal at ¶¶ 4-5).

 © 2026 Thomson Reuters. No claim to original U.S. Government Works.